**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **JUSTIN R. CRANFORD** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 1:04cv555LG-JMR** |
| **ROBERT A. LEFEVE AND DAVID DECELLE** | **DEFENDANTS** |

**MEMORANDUM OPINION GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on the Motion [38-1] of defendant David Decelle ("Decelle"), to Dismiss, which is accompanied by his Memorandum in Support [39-1]; the Motion [40-1] for Summary Judgment of Decelle, and its Memorandum in Support [41-1]; the Motion [50-1] for Summary Judgment of defendant Robert A. Lefeve ("Lefeve"), and its Memorandum in Support [51-1]; and the plaintiff's Objection to Defendant's Motion for Summary Judgment [52-1]. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that Decelle's Motion [38-1] to Dismiss is moot, Decelle and Lefeve's Motions [40-1, 50-1] for Summary Judgment are well taken, and should be granted. Accordingly, Cranford's petition in the above-captioned action should be dismissed.

**FACTS AND PROCEDURAL HISTORY**

The plaintiff, Justin Cranford ("Cranford"), was arrested on November 28, 2003, and was incarcerated in the Harrison County Adult Detention Center ("HCADC"), in Gulfport, Mississippi, until March 29, 2005. The subject of this lawsuit regards dental care requested by Cranford for tooth pain that resulted in a tooth extraction. Cranford filed his Amended Complaint on January

8, 2004, naming Lefeve and Decelle in their individual and official capacities. David Decelle is employed as the nurse administrator for Health Assurance, LLC, and managed nursing services for Health Assurance, LLC. Part of his duties include supplying administrative services for Health Assurance, LLC, at the HCADC. Robert A. Lefeve was employed as a dentist to provide dental care at the HCADC pursuant to a contract with Harrison County, Mississippi.

The instant complaint alleges that Decelle violated Cranford's constitutional rights by denying him initial medical treatment for 4-6 weeks and waiting two days to fill certain prescriptions. Cranford also claims that Lefeve "performed unqualified oral surgery on my tooth and caused serious pain and suffering." Plaintiff further claims that Lefeve "denied Plaintiff medical treatment for five weeks total," and that "while it is common practice to put a patient on pain medication and antibiotics before undergoing surgery, Dentist Robert A. Lefeve did not follow these common guidelines for treating the Plaintiff." (*See* Amended Complaint).

The plaintiff submitted a health services request form regarding his toothache dated May 5, 2004. (*See* Health Services Request Form, attached to Decelle's Motion for Summary Judgment as Exhibit "B"). One of the nurses, Walter Clark, wrote "[n]o redness or swelling noted." On May 19, 2004, the plaintiff filed a grievance requesting to see the dentist. (*See* Inmate Grievance Log, attached to Decelle's Motion for Summary Judgment as Exhibit "C"). On May 25, 2004, the plaintiff saw the dentist, Lefeve. (*See* Dental Services Rendered, attached to Decelle's Motion for Summary Judgment as Exhibit "D"). Lefeve diagnosed a badly decayed tooth which needed to be extracted. Lefeve extracted the tooth as well as some bone to remove the root tip. After extracting the tooth, Lefeve packed the socket, gave oral

hygiene instructions, and wrote a prescription for Pen-V-500 twice a day for twelve days and Tylenol No. 3 twice a day for five days.  (*See* Dental Services Rendered, attached to Lefeve's Motion for Summary Judgment as Exhibit "D").  Medical administration records indicate that the plaintiff began receiving Pen VK on May 25, 2004, and Tylenol No. 3 on May 26, 2004.  (*See* Medication Administration Records, attached to Lefeve's Motion for Summary Judgment as Exhibit "E").

On May 27, 2004, and May 28, 2004, the plaintiff submitted inmate request forms stating that he was experiencing pain from his tooth extraction.  (*See* Inmate Request Forms dated May 27, 2004, and May 28, 2004, attached to Lefeve's Motion for Summary Judgment as Exhibits "F" and "G").  On June 14, 2004, Lefeve saw the plaintiff again, noted the socket was healing slowly, and prescribed Pen-VK for twelve days and Motrin for twelve days.  (*See* Dental Services Rendered, attached to Lefeve's Motion for Summary Judgment as Exhibit "D").  According to the medication administration records, the plaintiff began receiving Pen VK and Motrin on June 14, 2004.  (*See* Medication Administration Records, attached to Lefeve's Motion for Summary Judgment as Exhibit "E").

## LAW AND ANALYSIS

*I. Standard of Review*

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment."  *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987).  "The

requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard*, 783 F.2d at 1315. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson*, 477 U.S. at 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315. That is to say, the non-moving party must go beyond the pleadings and by his or her own affidavit, or by the "depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *Thomas v. Harris County*, 784 F.2d 648 (5th Cir. 1986).

*II. 42 U.S.C. § 1983*

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680,693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights that are secured by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

Claims against governmental agents or officers in their official capacities are essentially claims against the governmental entity itself. *See Moore v. Carroll County*, 960 F.Supp. 1084, 1087 n.3 (N.D. Miss. 1997). The suit is against the office that the employee holds and not the actual employee. *See Brandon v. Holt*, 105 S.Ct. 873, 878, 469 U.S. 464, 471-72 (1985); *Kentucky v. Graham*, 105 S.Ct. 3099, 3104-05, 473 U.S. 159, 165 (1985); *Moore*, 960 F.Supp. at 1087 n.3. The plaintiff's official capacity claims against Decelle and Lefeve are in reality claims against the office of the Sheriff of Harrison County and the Harrison County Board of Supervisors. Since the Sheriff's Office and the Harrison County Board of Supervisors are local governmental entities, the plaintiff must demonstrate that his claims are actionable under the United States Supreme Court's jurisprudence regarding municipal liability.

A plaintiff must establish the existence of three elements to make a claim for section 1983 municipal liability: (1) the existence of a policy maker; (2) the existence of an official policy; and (3) the violation of constitutional rights whose "moving force" is the policy or custom. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), 98 S.Ct. 2018; *Piotrowski v. City of Houston*,

237 F.3d 567 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 53 (2001).

There is no respondeat superior liability under 42 U.S.C. § 1983. Therefore, before a county or its officers in an official capacity can be found liable under § 1983, there must be a policy, custom or practice that caused the deprivation of rights. *Monell,* 98 S.Ct. 2018, 436 U.S. 658 (1978); *Piotrowski*, 273 F.3d 567 (5th Cir. 2001).

The Fifth Circuit stated in *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997):

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff <u>must initially allege</u> that an <u>official policy or custom</u> "was a cause in fact of the deprivation of rights inflicted." *Leffall v. Dallas Indep. Sch. Dist.* 28 F.3d 521, 525 (5th Cir. 1994). To satisfy this cause in fact requirement, a plaintiff must allege that "the custom and policy served as the moving force behind the [constitutional] violation" at issue, *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996), <u>or</u> that her injuries resulted from the execution of the official policy or custom, *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). The description of a policy or custom and its relations to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts. *Id.* at 1278.

(Emphasis added). "[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' to its known or obvious consequences." *Piotrowski*, 237 F.3d at 579, n. 22 (quoting *Bd. Of Comm'rs of Bryan County*, 520 U.S. 397, 407, 117 S.Ct. 1382, 1390, citing *Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197 (1989)).

In *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996), the Court articulated the standard applicable to a pretrial detainee's claim of failure to provide medical care or safety/protection when what is challenged is an episodic act or omission:

> [T]he episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs.

*Hare*, 74 F.3d at 647-48.

Liability for failing to provide the constitutional right to medical care attaches if a pretrial detainee plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted. *Wagner v. Bay City, Texas*, 227 F.3d 316, (5th Cir. 2000). Mere negligence will not suffice, and deliberate indifference, that is, the subjective intent to cause harm, cannot be inferred from a failure to act reasonably. *Id.* (quoting *Hare v. City of Corinth,* 74 F.3d 633, 647-48 (5th Cir. 1996). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001)(quoting *Hare,* 74 F.3d at 645, 649). Rather, for individual liability to attach, "deliberate indifference" in the context of an episodic failure to provide reasonable medical care (and protection from harm) to a pretrial detainee means that: 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur. *Thompson*, 245 at 458-59. (citing *Hare*, 74 F.3d at 643, 649-50). Furthermore, "[n]egligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State." *Sibley v. Lemaire,* 184 F.3d 481, 489 (5th Cir. 1999).

Based on the record before the Court, the plaintiff has failed to demonstrate that Decelle and Lefeve acted or failed to act with deliberate indifference to his needs. It is Cranford's position

that he suffered such a deprivation when Decelle and Lefeve failed to provide him with medical care quickly enough and that he suffered because of it; however, this is an assertion without a basis. Cranford's real complaint is not the denial of medical care, but instead it is his disagreement with the medical care provided. The record supports the conclusion that Cranford received medical care and in a timely fashion. Cranford saw the dentist shortly after he submitted his requests and his prescriptions were filled in a timely manner; either a day or two after they were prescribed, or on the very same day. Therefore, the record reflects that policies were in place and were followed to allow Cranford to have access to medical personnel.

Additionally, Cranford's claim of improper medical treatment fails because even if he has a problem with the treatment that he received, this does not rise to the level of deliberate indifference. *Estelle* v. *Gamble,* 429 U.S. 97, 107 (1976) (finding "a complaint that a physician has been negligent in [diagnosis or treatment] does not state a valid claim of [deliberate indifference because] . . . [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner ."). Cranford does not offer any evidence that Decelle and Lefeve acted with deliberate indifference towards him. In his Objection to Defendant's Motion for Summary Judgment, Cranford simply quotes a section of his complaint that is being quoted in Lefeve's Motion for Summary Judgment and provides no other analysis besides claiming that this quote is tantamount to Lefeve admitting deliberate indifference. Lefeve attached the affidavit of Dr. Jeffrey D. Hartsog, a dentist for more than ten (10) years to the Hinds County Adult Detention Center, which states that Lefeve did not deviate from the standard of care of a dentist practicing general dentistry. Cranford does not rebut this affidavit. Decelle and Lefeve are entitled to summary judgment because Cranford has failed to show that they acted pursuant to an

unconstitutional policy and he has failed to show that they acted with deliberate indifference.

Taking the facts as alleged by the plaintiff in his pleadings as true, the Court finds that Decelle and Lefeve, in their individual capacities, are both entitled to qualified immunity. Qualified immunity is premised on the principle that government cannot operate efficiently if its employees and agents are subject to the cost and time of litigation. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The first step in determining the applicability of qualified immunity is whether the plaintiff has alleged the violation of a clearly established constitutional right, and, if that right has been established, the Court must next determine whether the defendant's conduct was objectively reasonable. *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000). "Reasonableness" is assessed in light of the legal rules clearly established at the time of the incident. *Id.*

Based on the Court's analysis set forth above, it is clear that the plaintiff is alleging medical negligence, hardly a violation of clearly established constitutional right. Furthermore, based on the facts as presented by the plaintiff, Decelle's and Lefeve's conduct was objectively reasonable as assessed in light of the legal rules established at the time of this incident. Therefore, Decelle and Lefeve are entitled to qualified immunity as to any perceived claims brought against them in their individual capacity.

## **CONCLUSION**

Based on the foregoing, this Court is of the opinion that Cranford has failed to demonstrate that Decelle or Lefeve had or employed an unconstitutional policy and has failed to show that Decelle or Lefeve acted with deliberate indifference; therefore, the plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim. Accordingly,

**IT IS ORDERED AND ADJUDGED** that Decelle's Motion for Summary Judgment [40-1] should be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Lefeve's Motion for Summary Judgment [50-1] should be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Decelle's Motion to Dismiss [38-1] is moot pursuant to the Court's Order [55-1] denying the Report and Recommendations [45-1].

**IT IS FURTHER ORDERED AND ADJUDGED** that Cranford's petition in the above-captioned action is hereby dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE